FILED
United States Court of Appeals
Tenth Circuit

April 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM RAY TABER,

      Petitioner-Appellant,

v.

JIM FARRIS, Warden,

      Respondent-Appellee.

No. 14-5013
(D.C. No. 4:13-CV-00164-JED-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

After William Taber pleaded guilty to a robbery offense, an Oklahoma state court sentenced him to 15 years in prison. Mr. Taber then sought but was denied state post-conviction relief before bringing a federal habeas petition under 28 U.S.C. § 2254. Here, too, Mr. Taber proved unsuccessful because the district court found that his federal petition was untimely and that none of the potential grounds for statutory or equitable tolling of the limitations period could alter this result. Seeking to appeal that dismissal, Mr. Taber asked the district court for a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certificate of appealability ("COA"), which the court denied. Now before this court, Mr. Taber renews his request for a COA.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, we see no way reasonable jurists might debate the district court's conclusion that Mr. Taber's petition is time barred. Generally speaking, an application for federal habeas relief must be made within one year from the date on which the conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). That simply didn't happen here.

The one-year limitations period for filing a federal habeas petition on most of Mr. Taber's claims began running on March 13, 2011, after his conviction became final, yet he did not file his federal habeas petition until April 16, 2013, plainly outside the one-year statutory window. Mr. Taber replies by suggesting that the limitations clock may have tolled during some of this period because of two pending motions he filed in state court seeking modification of his sentence and judgment. But even assuming without deciding that these motions tolled the clock, his federal application remains untimely.

Mr. Taber doesn't dispute this but replies that the limitations period can be overcome because these periods can be added to still another period where tolling is warranted — and that when all added together they save his claim. In particular, he argues that the statutory clock should have been further tolled by his attempt to appeal the denial of his motion to modify his sentence and judgment. But as the Oklahoma Court of Criminal Appeals held, Mr. Taber waived his right to appeal by not withdrawing his guilty plea and appealing his conviction directly. And Mr. Taber's improper attempt at appeal does not constitute "a properly filed application for State post-conviction or other collateral review" sufficient to toll the one year statute of limitations under federal law. 28 U.S.C. § 2244(d)(2). As such we do not see how reasonable jurists might debate the district court's conclusion that Mr. Taber's improper appeal did not render his federal habeas petition timely.

Having spoken to most of Mr. Taber's claims, there remains still a subset to discuss. The statute of limitations for Mr. Taber's claims relating to the district court's denial of sentence credits only began running on May 12, 2011, the day after Mr. Taber discovered that he was ineligible for those credits. *See* § 2244(d)(1)(D). The district court found, however, that even after accounting for all possible statutory tolling opportunities Mr. Taber's last day to file a timely federal habeas petition on these claims was March 14, 2013 and Mr. Taber waited until April 16, 2013 to file his petition. For his part, Mr. Taber objects to the

- 3 -

district court's conclusion but disputes none of its calculations, findings, or reasoning. In these circumstances we find it difficult to say a reasonable jurist could disagree with its assessment that the one-year limitations period on these claims has passed.

Neither can we toll the applicable limitations periods for equitable rather than statutory reasons. Equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). The district court found that Mr. Taber was not entitled to equitable tolling because he failed to pursue his state claims diligently, instead interposing multiple and improper delays. We cannot say here either that any of the district court's analysis is reasonably debatable. Accordingly, the application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge